UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| BILLIEJO H., <br>     Plaintiff, <br> v. <br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br>     Defendant. | No. 2:19-cv-00120-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Cross-Motion for Summary Judgment, ECF No. 13. The motions were heard without oral argument. Plaintiff is represented Jeffrey Schwab; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Joseph J. Langkamer.

### Jurisdiction

    On March 14, 2016, Plaintiff filed an application for Title XVI supplemental security income. Plaintiff initially alleged an onset date of January 1, 1998, but later amended her alleged disability onset date to March 14, 2016.

    Plaintiff's application was denied initially on August 29, 2016 and on

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 1**

reconsideration on October 11, 2016. On October 28, 2016, Plaintiff filed a written request for a hearing. On January 18, 2018, Plaintiff appeared and testified at a video hearing at which she participated in Wenatchee, Washington, before an ALJ presiding in Seattle, Washington. Leta Berkshire, a vocational expert, provided testimony. In addition, the ALJ reviewed letters from Plaintiff's now-deceased husband, Joshua Harris. The ALJ issued a decision on May 31, 2018, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on March 7, 2019. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on April 12, 2019. The matter is before this Court under 42 U.S.C. § 405(g).

**Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The steps are as follows:

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 2**

requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If she is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

**Step Four**: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 3**

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 4**

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court. Accordingly, only the most relevant facts are summarized here. At the time of her application, Plaintiff was 35 years old. She dropped out of high school in the 9th grade, but later received her GED as an adult. Plaintiff is widowed and has an 8-year-old daughter with her now-deceased husband. Apart from occasional volunteer work at her daughter's school, Plaintiff has not worked since 2001.

Plaintiff testified that her anxiety and fibromyalgia prevent her from getting and keeping employment because both conditions keep her from leaving her home. Specifically, Plaintiff alleges that she cannot work due to childhood trauma resulting in fear of men, being in large crowds, and being in noisy environments with too many voices. She has been diagnosed with a myriad of ailments, including depression, anxiety, post-traumatic stress disorder (PTSD), fibromyalgia, and chronic hip and low back pain. She testified that she has anxiety in crowds and does not do well around other people; Plaintiff also testified that her anxiety and fear has worsened since the passing of her husband, preventing her from making appointments, going to the grocery store, or taking her daughter to the park. She reported that she can occasionally do light housework, but frequently requires assistance from her daughter if the work requires bending or standing for long periods of time. Plaintiff is able to independently perform her self-care and also takes care of her daughter.

## The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. The ALJ concluded that Plaintiff's allegations were not consistent with the record and held that Plaintiff was not disabled and could perform work that exists in significant numbers in the national economy.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 5**

At **step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 14, 2016, the alleged disability onset date. AR 17.

At **step two**, the ALJ found that Plaintiff had the following severe impairments: minimal degenerative disc and facet changes of the lumbar spine; fibromyalgia; obesity; migraines; unspecified depressive disorder; and PTSD. AR 17-18.

At **step three**, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals any Listing. AR 19-21.

The ALJ concluded that Plaintiff had a residual function capacity to perform:

> light work as defined in 20 CFR 416.967(b) subject to the following limitations: The claimant is able to lift and/or carry up to twenty pounds occasionally and up to ten pounds frequently. She is able to stand and/or walk for approximately six hours each total and sit for approximately six hours total in an eight-hour workday with normal breaks. She is able to perform work limited to occasional climbing of ramps or stairs and never climbing ladders, ropes, or scaffolds, knelling, and crouching. She must avoid concentrated exposure to temperature extremes; humidity; excessive vibration; and workplace hazards, such as working with dangerous machinery and working at unprotected heights. She is able to perform work limited to simple routine tasks in a routine work environment with simple work-related decisions. She is able to perform work limited to superficial interaction with co-workers and only incidental interaction with the public.

AR 21.

At **step four**, the ALJ found that Plaintiff had no past relevant work. AR 25.

At **step five**, the ALJ found that Plaintiff's subjective complaints alleging limitations were beyond those described in the residual function capacity, as well as the written statements of Plaintiff's husband, were not consistent with objective medical evidence in the record. AR 22. The ALJ concluded that Plaintiff's ability

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 6**

to perform work-related activity was limited, but that those limitations were adequately accommodated by the residual function capacity. AR 25. Accordingly, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, including a production line solderer, electrical accessory assembler, and a marker. AR 25-26.

## Issues for Review

1. Did the ALJ conduct an improper credibility assessment?
2. Did the ALJ improperly evaluate lay witness statements?
3. Did the ALJ err by failing to conduct a proper analysis at Step Three?
4. Did the ALJ err by failing to conduct an adequate analysis at Step Five?

## Discussion

1. <u>Did the ALJ Improperly Evaluate Plaintiff's Credibility?</u>

Plaintiff argues that the ALJ improperly discounted her testimony on the basis of her daily activities because the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's subjective complaints or specifically identify what testimony was not credible or why. ECF No. 12 at 17. Defendant argues that there was substantial evidence supporting the ALJ's assessment of Plaintiff's subjective complaints of her symptoms because her complaints were not in accord with the record. ECF No. 13 at 4-7.

The ALJ is responsible for making credibility determinations. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). Once a claimant has produced evidence of an impairment, the ALJ may not discredit testimony regarding symptoms simply by asserting that they are unsupported by objective evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Rather, the ALJ must provide specific, cogent reasons to find that the claimant is not credible. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 7

*Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court will affirm the ALJ's reasoning so long as it is clear and convincing. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair*, 885 F.2d at 603. Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [a claimant's] level of activity were

inconsistent with [her] claimed limitations would those activities have any bearing on [her] credibility." *Reddick*, 157 F.3d at 722.

Here, the ALJ found that Plaintiff's "inconsistent statements, symptom magnification, and remaining ability to perform daily living lessens the reliability of [her] limitation allegations." AR 27. The ALJ specifically detailed that Plaintiff's allegations about her abilities—such as difficulty being around other people and an inability to perform household chores due to pain—were inconsistent with her reported activities, such as taking her daughter to waterparks, doing household chores that sometimes required heavy lifting, and being a member of her daughter's parent-teacher organization and classroom volunteer. *Id.* at 26. The ALJ also stated that Plaintiff's lack of work history following her marriage led to the inference that her choice to stay at home "may not be totally related to her limitation allegations." *Id.*

Having reviewed the ALJ's opinion, the Court finds that the ALJ improperly evaluated Plaintiff's credibility. The ALJ states that Plaintiff's activity level is inconsistent with her alleged limitations. However, a review of the record shows Plaintiff's daily activity demonstrates her attempts to live a normal life despite her impairments following the passing of her husband in May 2017. AR 27. Plaintiff should not be punished for attempting to "live a normal life" and maintain some amount of normalcy for her daughter in the face of her limitations and the passing of her husband. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The closest the ALJ comes to having a specific and cogent reason for rejecting Plaintiff's testimony relates to claimant's lack of work history, wherein the ALJ details the various reasons Plaintiff has given for not working after 2001. AR 26. However, considered as a whole, the reasons provided by the ALJ for discrediting Plaintiff's testimony about her symptoms and limitations, therefore, are not substantial.

Accordingly, the Court finds that the ALJ improperly evaluated Plaintiff's

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 9**

credibility and improperly gave her testimony limited weight.

2. <u>Did the ALJ Improperly Evaluate Lay Witness Testimony?</u>

Plaintiff also argues that summary judgment in her favor and remand to the ALJ is warranted because the ALJ improperly discounted Mr. Harris' statements. ECF No. 12 at 14-15. In her decision, the ALJ rejected statements from Mr. Harris that detailed Plaintiff's symptoms and restrictions because she concluded that the "statements were not fully consistent with or supported by Plaintiff's report of her functioning" and gave the statements only limited weight. AR 24. In particular, Plaintiffs argue that this was legal error because the ALJ failed to provide specific, germane reasons to reject Mr. Harris' testimony. In contrast, the Government argues that the ALJ provided specific germane reasons to discount Mr. Harris' testimony and, even if she did not, any error was harmless. ECF No. 13 at 8.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work. *Stout*, 454 F.3d at 1053. Lay testimony is competent evidence and cannot be disregarded without comment. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). To discount lay witness testimony, the ALJ must give reasons germane to each witness. *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2018) (as amended). However, the ALJ is not required to discuss every witness' testimony on an individualized witness-by-witness basis; rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness. *Molina*, 674 F.3d at 1114. Thus, if an ALJ provides clear and convincing reasons for rejecting a claimant's subjective complaints, and lay testimony is similar to those complaints, it follows that the ALJ has also given germane reasons for rejecting the lay witness testimony. *Valentine*, 574 F.3d at 694.

Here, the ALJ considered and gave limited weight to written statements by Joshua Harris, Plaintiff's husband. In his statements, Mr. Harris noted that

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 10**

Plaintiff's work ability was limited due to her PTSD and anxiety and that she struggled to complete household chores due to her fibromyalgia and other physical impairments, among other limitations. TR 206-209, 229-232. The ALJ concluded that Mr. Harris's statements were not fully consistent with or supported by Plaintiff's report of her own functioning and on that basis gave the statements limited weight. AR 24, 28. The ALJ reasoned that, because Plaintiff's testimony was given limited weight, Mr. Harris's testimony should also be of limited weight. Defendant argues that, if error did occur, it is harmless since both testimonies were found to be unreliable and of limited weight.

Although the ALJ need not give an at-length analysis of a lay witness's testimony, *see Molina*, 674 F.3d at 1114, she "is required to provide specific reasons for rejecting lay testimony." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). The ALJ committed legal error by failing to provide germane reasons for rejecting Mr. Harris's lay testimony because she failed to identify inconsistencies between the statements and the medical record. Even if the ALJ relied solely on her determination that Plaintiff's testimony was unreliable, that determination too was error, as discussed above, and cannot be the basis for also discounting Mr. Harris's lay testimony. Accordingly, it was not permissible for the ALJ to give limited weight to Mr. Harris' statements.

3. <u>Did the ALJ Conduct an Improper Step Three Analysis?</u>

Plaintiff argues that the ALJ did not conduct a proper Step Three analysis because she failed to consider Listing 14.09D (inflammatory arthritis) in comparison to her impairment of fibromyalgia and failed to find Plaintiff disabled as meeting or equaling Listing 14.09D. ECF No. 12 at 12. Plaintiff also argues that the ALJ failed to explain her evaluation of the evidence and that the Government relies upon impermissible post hoc rationalizations to defend the ALJ's Step Three determination. ECF No. 14 at 2-3. In contrast, the Government argues that the ALJ considered all of the listings reasonably related to Plaintiff's

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** \* 11

impairments. ECF No. 13 at 9. In response to Plaintiff's reliance on Listing 14.09D, the Government argues that Plaintiff's severe impairment of fibromyalgia does not equal Listing 14.09D, that Plaintiff failed to show that she met the level of severity required by the listing, and that the record does not show marked limitations in activities of daily living or social functioning. *Id.* at 9-12.

Plaintiff's impairments do not include inflammatory arthritis but do include fibromyalgia. Because fibromyalgia is not a listed impairment, the ALJ must determine whether it medically equals a listing or whether it medically equals a listing in combination with at least one other medically determinable impairment. SSR 12-2p, 2012 WL 3104869 at *6. To equal a listed impairment, a plaintiff must establish symptoms, signs, and laboratory findings at least equal in severity and duration to the characteristics of the relevant listed impairment. If a claimant's impairment is not listed, Plaintiff's impairment will be compared to listings that are closely analogous to the impairment. 20 C.F.R. §§ 404.1526, 416.926.

The ALJ did not discuss Plaintiff's fibromyalgia at all, let alone in depth, in her Step Three analysis. The ALJ does acknowledge that there is no listing for fibromyalgia but fails to actually discuss Plaintiff's fibromyalgia symptoms in comparison with any listed impairment, including inflammatory arthritis, despite the mandates of SSR 12-2p. AR 23. In light of the lack of analysis of whether Plaintiff's fibromyalgia equals another impairment, such as inflammatory arthritis, it is necessary to remand the case for further consideration on this point. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495-96 (9th Cir. 2015) (finding that remand was proper because although the ALJ committed legal error, further administrative proceedings were useful because questions existed about the extent to which the claimant's symptoms rendered her disabled).

4. <u>Did the ALJ conduct an adequate analysis at Step Five?</u>

Plaintiff argues the ALJ did not conduct an adequate analysis at Step Five because the ALJ's conclusion that Plaintiff could perform other work was based

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT \* 12**

on an incomplete hypothetical posed to the vocational expert. ECF No. 12 at 21. Defendant, on the other hand, argues that the ALJ's Step Five analysis was supported by testimony from the vocational expert that was consistent with the residual functional capacity. ECF No. 13 at 13.

At Step Five, the Commissioner must show that the claimant is not disabled and that she can engage in some type of substantial gainful activity that exists in "significant numbers" in the national economy. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). The Step Five analysis includes a detailed assessment of the medical evidence, the claimant's daily activities, prior work record, any functional restrictions and limitations, treatment for relief of symptoms, and information and observations by treating and examining symptoms and third parties regarding the nature and extent of the claimant's symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929. The ALJ must make specific findings which support a conclusion that claimant's allegations of severity are not credible. *Dale v. Colvin*, 823 F.3d 941, 945 (9th Cir. 2016); *Lingenfelter*, 504 F.3d at 1036.

In making her determination, an ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite her limitations. *Gutierrez v. Colvin*, 844 F.3d 804, 806-07 (9th Cir. 2016). The ALJ's depiction of the claimant's impairments must be accurate, detailed, and supported by the medical record. *Tackett*, 180 F.3d at 1101; *see also Valentine*, 574 F.3d at 690 (a hypothetical that fails to consider a claimant's limitations is defective). An ALJ posing a hypothetical question to a vocational expert must include all of the claimant's functional limitations, both physical and mental, supported by the record. *Thomas*, 278 F.3d at 956. It is proper for an ALJ to limit a hypothetical to only those restrictions that are supported by substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989). However, the ALJ must make specific findings explaining "[her] rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical." *Light v. Soc.*

*Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). If a hypothetical does not reflect all the claimant's limitations, it is without evidentiary value to support a finding that the claimant can perform jobs in the national economy. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (citing *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988)).

The vocational expert, Ms. Berkshire, responded to two hypotheticals from the ALJ. The first hypothetical involved an individual of the same age, education, and work experience as plaintiff who is able to perform light work as defined as the regulations, with the exception that she avoid concentrated exposure to extreme vibration, humidity, cold/heat, and workplace hazards and that she have only limited and superficial interactions with coworkers and the public. AR 56. In response, Ms. Berkshire testified that the hypothetical could work as a production line solderer, an electrical accessories assembler, or a marker. AR 56-57. The second hypothetical was the same as the first, except that the individual would miss two or more days of work per month on an ongoing but irregular basis. AR 57. In response to the second hypothetical, Ms. Berkshire testified that employers would not tolerate more than 8-10 days of absence and that a hypothetical individual with that limitation would not be able to find gainful employment with any accommodations. Id.

The ALJ ultimately relied on Ms. Berkshire's answer to the first hypothetical to conclude that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 25. The ALJ's opinion does not acknowledge Ms. Berkshire's answer in response to the second hypothetical or explain why she did not make a decision based on Ms. Berkshire's answer. The first hypothetical did not include all of Plaintiff's limitations and characteristics, including her allegations that she is unable to leave the home due to her anxiety, fibromyalgia, or some combination of the two. Because the first hypothetical is lacking all of Plaintiff's characteristics, it is of no evidentiary value and should not

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 14**

have been relied upon by the ALJ in making her decision. *DeLorme*, 924 F.2d at 850.

## Conclusion

Plaintiff is entitled to summary judgment in her favor because the ALJ erred in giving her testimony and the testimony of her husband inadequate weight, by conducting an improper Step Three inquiry, and by conducting an improper Step Five inquiry. Defendant is not entitled to summary judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for further administrative proceedings consistent with this Order. On remand, the ALJ shall consider whether any of Plaintiff's impairments meets or equals a listed impairment. In particular, the ALJ is to consider whether Plaintiff's fibromyalgia meets or equals the listed impairment of inflammatory arthritis pursuant to SSR 12-2p. This remand is made pursuant to sentence four of 42 U.S.C. § 405(g).

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 4th day of February 2020.



Stanley A. Bastian
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 15